NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SURPLUS AFRICAN FOODS, LLC, and KENNETH C. OKONKWO,<br><br>                Plaintiffs,<br><br>v.<br><br>AIR FRANCE, FORWARD AIR, INC., and ABC, INC.,<br><br>                Defendants. | Civil Action No: 17-7105 (SDW) (CLW)<br><br>**OPINION**<br><br>January 11, 2018 |

**WIGENTON**, District Judge.

Before this Court is Defendant Forward Air, Inc.'s ("Forward Air" or "Defendant") Motion to Dismiss Plaintiffs Surplus African Foods, LLC and Kenneth C. Okonkwo's (collectively, "Plaintiffs") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the Motion to Dismiss is **GRANTED**.

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Surplus African Foods, LLC ("Surplus African Foods") is a New Jersey company that buys and sells African food stuffs; Plaintiff Kenneth C. Okonkwo ("Okonkwo") is the company's Chief Executive Officer. (Compl. ¶¶ 1-2, ECF No. 1.) Okonkwo alleges that he

entered into a contract with Defendant Air France ("Air France") to transport a consignment of frozen foods from Nigeria to the United States. (Compl. ¶ 6.) On July 11, 2015, Air France arrived at John F. Kennedy Airport in New York with the consignment. (Compl. ¶¶ 6, 10.) Forward Air, which Plaintiffs assert is a company that transports goods and services for Air France, picked up the food in New York and delivered it to a warehouse in Newark, New Jersey. (Compl. ¶¶ 4, 12-13.) Okonkwo alleges that although he contracted with Air France to keep the delivery refrigerated until Plaintiff Surplus African Foods could take possession of the goods in New Jersey, it was not refrigerated and some of the food spoiled. (Compl. ¶¶ 9, 13.)

On July 13, 2017, Plaintiffs filed a one-count suit against Defendants in the Superior Court of New Jersey, Essex County. (ECF No. 1) Defendants removed the action to the United States District Court of New Jersey on September 14, 2017. (*Id.*) On September 27, 2017, Forward Air filed the instant Motion to Dismiss.[1] (ECF No. 7.) Plaintiffs timely filed their opposition on October 23, 2017, and Forward Air replied on November 10, 2017. (ECF Nos. 17, 24.)

## II. LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

---

[1] Shortly after Forward Air filed the instant motion, on October 16, 2017, Plaintiffs filed a Motion to Remand. (ECF Nos. 8, 10.) On December 18, 2017, this Court adopted Magistrate Judge Cathy L. Waldor's Report and Recommendation, which denied the Motion to Remand. (ECF No. 28.)

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

### III. DISCUSSION

This Court construes Plaintiffs' Complaint to allege common law claims against Defendants for negligence and breach of contract. (*See generally* Compl.) Plaintiffs' state law claims are preempted by federal law, namely the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 (the "Carmack Amendment') and the Federal Aviation Administration Authorization Act, 49 U.S.C. § 14501(c) (the "FAAAA").

Under the Carmack Amendment,

> [a] carrier providing transportation . . . shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service . . . are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the

> property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States . . . .

49 U.S.C. § 14706(a)(1). Courts have consistently held that the Carmack Amendment is the "exclusive cause of action for interstate-shipping contract [and tort] claims alleging loss or damage to property." *Certain Underwriters at Interest at Lloyds of London v. United Parcel Serv. of Am., Inc.*, 762 F.3d 332, 336 (3d Cir. 2014) (quoting *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688-90 (9th Cir. 2007)).

Plaintiff's Complaint alleges that Forward Air transported the food stuff at issue from New York to New Jersey as an agent or partner of Air France. (Compl. ¶¶ 4-5, 12). Although Forward Air avers that it is a "[f]ederally authorized broker of freight in interstate commerce[,]" (ECF No. 7-1 at 3), rather than a motor carrier, on a Motion to Dismiss, the Court must accept all factual allegations in the Complaint as true. *See Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Therefore, Plaintiffs' "state law breach of contract and negligence claims against a carrier for loss of or damage to goods are preempted." *See Brudnak v. A.A. Moving & Storage, Inc.*, No. 14-6964, 2015 WL 1310292, at *3 (D.N.J. Mar. 24, 2015) (quoting *Lloyds of London*, 762 F.3d at 336).

Additionally, the FAAAA contains expressly preemptive language as applied to brokers and motor carriers. *See* 49 U.S.C. § 14501; *see also Alpine Fresh, Inc. v. Jala Trucking Corp.*, 181 F. Supp. 3d 250, 257 (D.N.J. 2016) (dismissing common law claims for breach of bailment and negligence, which were expressly preempted by the FAAAA and Interstate Commerce Commission Termination Act). Specifically, the statute provides, "no State . . . shall enact or enforce any law, rule, regulation, standard, or other provision having the force and effect of law relating to intrastate rates, intrastate routes, or intrastate services of any freight forwarder or

broker." 49 U.S.C. § 14501(b)(1); *see also* 49 U.S.C. § 14501(c)(1) (providing that "a State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier . . . with respect to the transportation of property"). As such, Plaintiffs' common law causes of action are also preempted by the FAAAA. *See Alpine Fresh, Inc.*, 181 F. Supp. 3d at 257 ("State common law qualifies as an 'other provision having the force and effect of law.'").

Because Plaintiffs have only asserted common law causes of action, which are preempted by the Carmack Amendment and the FAAAA, the Complaint is dismissed.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**. Plaintiffs shall have thirty (30) days to file an Amended Complaint. An appropriate Order follows.

/s/ Susan D. Wigenton
SUSAN D. WIGENTON, U.S.D.J

Orig:      Clerk
cc:        Cathy L. Waldor, U.S.M.J.
           Parties